IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NANCY N. ODEN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-0861 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
|     Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 4] filed by Defendant JPMorgan Chase Bank, N.A. ("Chase"). Pursuant to the Court's Local Rules, any opposition to the Motion to Dismiss was due within twenty-one days. *See* S.D. TEX. R. 7.3, 7.4. Plaintiff Nancy N. Oden failed either to respond by the April 18, 2012, deadline or to request an extension of time to respond. Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.4. Rather than dismiss the case at that point, however, the Court entered an Order [Doc. # 6] extending the deadline for Plaintiff's response to May 2, 2012, and cautioning Plaintiff that failure to respond by that extended deadline would result in the Motion to Dismiss being granted. Again, Plaintiff neither filed a response nor requested additional time to respond. Having reviewed the full record and applicable

legal authorities, and absent any opposition from Plaintiff, the Court **grants** the Motion to Dismiss.

## I. BACKGROUND

Although not specifically alleged in Plaintiff's original complaint filed in Texas state court, it appears that Plaintiff home is subject to a mortgage held by Chase. Plaintiff alleges that she "has applied for a modification of the mortgage loan" and has asked "the mortgage investor to delay the foreclosure pending approval of the modification." *See* Plaintiff's Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction ("State Court Petition") [Doc. # 1-1].

Plaintiff filed this lawsuit in Texas state court asserting that Defendant violated the "Fair Debt Collection Act" and the Real Estate Settlement and Procedures Act ("RESPA"). Plaintiff requested only injunctive relief. Defendant removed the lawsuit to federal court and moved to dismiss. The Motion to Dismiss, to which no opposition has been filed, is ripe for decision.

## II. STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken

as true. *Id.* The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

### III. ANALYSIS

#### A. Fair Debt Collection Act Claim

Plaintiff alleges, without citation to any particular provision, that Defendant violated the "Fair Debt Collection Act." *See* State Court Petition, ¶ 5, ¶ 10. The Federal Debt Collection Practices Act ("FDCPA") provides that a "debt collector" must provide certain written notices to the consumer regarding the debt when initiating collection procedures. 15 U.S.C. § 1692g. The FDCPA requires that, if a consumer disputes a debt after receiving the required notice, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of

the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." *Id.* Plaintiff does not allege that Chase is a debt collector. Generally, mortgage companies and loan servicers are not debt collectors under the FDCPA. *See Akintunji v. Chase Home Finance, L.L.C.*, 2011 WL 2470709, *3 (S.D. Tex. June 20, 2011) (Rosenthal, J.) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Absent allegations to state a claim under the FDCPA and absent any opposition from Plaintiff, the Motion to Dismiss the "Fair Debt Collection Act" claim is granted.

    B.    **RESPA Claim**

Plaintiff alleges, against without citation to a particular section, that Defendant violated RESPA by failing "to respond to a dispute regarding the mortgage arrears and fees." *See* State Court Petition, ¶ 5. RESPA requires a loan servicer to respond by certain deadlines to a "qualified written request" from a borrower. *See* 12 U.S.C. § 2605(e); *Akintunji*, 2011 WL 2470709 at *2. For purposes of RESPA, a "qualified written request" is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," that identifies, specifically or in a manner that enables the loan servicer to identify, the name and account at issue, and that "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient

detail to the servicer regarding other information sought by the borrower." *See* 12 U.S.C. § 2605(e)(1)(B); *Akintunji*, 2011 WL 2470709 *2. The borrower must show that actual damage resulted from an alleged violation of § 2605(e) in order to pursue a private cause of action under RESPA. *See Collier v. Wells Fargo Home Mortg.*, 2006 WL 1464170, *3 (N.D. Tex. May 26, 2006) (citing 12 U.S.C. § 2605(f)(1)(A); *Byrd v. Homecomings Fin. Network*, 407 F. Supp. 2d 937, 946 (N.D. Ill. 2005)).

In this case, Plaintiff has failed to allege that she sent Chase a "qualified written request" for purposes of RESPA. Additionally, Plaintiff has failed to allege actual damages that she suffered as a result of Defendant's alleged violation of RESPA. On this basis, and absent any opposition from Plaintiff, Defendant's Motion to Dismiss the RESPA claim is granted.

### C. Request for Injunctive Relief

Plaintiff requests preliminary and permanent injunctive relief. To be entitled to a preliminary injunction, the movant must establish a substantial likelihood of success of the merits of her claim. *See Tex. Med. Providers v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012). The failure to show a substantial likelihood of success on the merits makes the entry of a preliminary injunction "improvident as a matter of law." *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.,* 328 F.3d 192, 203 (5th

Cir. 2003)). For the reasons discussed herein, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of her claims.

A permanent injunction is generally granted only where a full trial on the merits has occurred. *See ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 347 (5th Cir. 2008) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 396 (1981)). There has been no trial on the merits in this case. Indeed, Plaintiff's underlying claims are subject to dismissal for failure to state a claim for relief under Rule 12(b)(6).

Plaintiff has failed to demonstrate a legal or factual basis for injunctive relief. Defendant, therefore, is entitled to dismissal of the claim for preliminary and permanent injunctions.

## IV. CONCLUSION AND ORDER

Plaintiff, who has filed no opposition to Defendant's Motion to Dismiss, has failed to state a claim upon which relief can be granted. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 4] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue a separate dismissal order.

SIGNED at Houston, Texas, this **8th** day of **May, 2012**.

Nancy F. Atlas
United States District Judge